## IN RE AERIAL DEVICES, INC.

[126 N.C. App. 709 (1997)]

AERIAL DEVICES, INC. IN RE: ENFORCEMENT OF FOREIGN JUDGMENT
AGAINST AERIAL DEVICES, INC., BY L & H TECHNOLOGIES, INC.

No. COA96-1318

(Filed 1 July 1997)

**Limitations, Repose, and Laches § 52 (NCI4th)— Texas judgment—language for contribution within judgment—action to enforce in N.C.—statute of limitations**

The trial court properly granted a motion to enforce a Texas judgment as a judgment of North Carolina where a jury in federal court in Texas determined that both Aerial Devices and L & H Technologies were liable for a personal injury; the judgment provided for contribution; Aerial was a North Carolina corporation; L & H tendered the full amount and filed the Texas judgment in North Carolina, seeking to recover from Aerial; Aerial alleged that enforcement of the Texas judgment was time barred; and the court granted L & H's motion to enforce the judgment. Aerial contends that the motion to enforce the Texas judgment was essentially an action for contribution and was barred by the one year statute of limitations in N.C.G.S. § 1B-3(c), but the Texas judgment apportioned damages and decreed contribution. By the terms of that judgment, L & H had already obtained a judgment for contribution and needed only to enforce it, which it did by filing the judgment in this State. Since L & H did not bring a separate action, and was not required to do so, N.C.G.S. § 1B-3(c) is inapplicable.

**Am Jur 2d, Contribution §§ 100-106.**

**When statute of limitations commences to run against claim for contribution or indemnity based on tort. 57 ALR3d 867.**

**What statute of limitations applied to action for contribution against joint tortfeasor. 57 ALR3d 927.**

Appeal by Aerial Devices, Inc., from order entered 27 August 1996 by Judge Loto G. Caviness in Cleveland County Superior Court. Heard in the Court of Appeals 22 May 1997.

*Crews & Klein, P.C., by Paul I. Klein and James N. Freeman, Jr., for appellee.*

*Petree Stockton, L.L.P., by J. Neil Robinson, for appellant.*

IN RE AERIAL DEVICES, INC.

[126 N.C. App. 709 (1997)]

MARTIN, John C., Judge.

L & H Technologies, Inc., (L & H) initiated this proceeding pursuant to the Uniform Enforcement of Foreign Judgments Act, N.C. Gen. Stat. § 1C-1701-08 (1989), to enforce a foreign judgment as a judgment in this State. The dispute arises out of the following factual background:

In an action brought in the United States District Court for the Eastern District of Texas, Beaumont Division, entitled *Harris v. Aerial Devices, Inc., and L & H Technologies, Inc.*, Civil Action No.1:91CV0630, a jury returned a verdict which found both Aerial Devices, Inc., (Aerial) and L & H liable for personal injury to the plaintiffs, and awarded damages in the amount of $1,109,331.59. The verdict found that 80% of the responsibility for the injury was attributable to L & H and 20% of the responsibility was attributable to Aerial. Judgment was entered on the verdict (the Texas judgment) on 3 September 1993 against both defendants. The judgment provided, *inter alia*, that L & H and Aerial were responsible for 80% and 20% of the judgment, respectively, and that if L & H paid a sum greater than 80%, it "shall recover contribution from AERIAL DEVICES, INC. for the overpayment in proportion to AERIAL DEVICES, INC.'S individual percentage of responsibility." On or about 13 September 1993, L & H tendered the full amount owed in conformity with the Texas judgment.

Aerial is a North Carolina corporation having its offices in Cleveland County. On 23 February 1996, L & H filed the Texas judgment in Cleveland County, together with an affidavit by an officer of L & H stating that L & H had paid the Texas judgment and was entitled to recover $269,643.96 from Aerial pursuant to the terms thereof, and gave Aerial notice of the filing. Aerial then filed a "Notice of Defense to Foreign Judgment" pursuant to N.C. Gen. Stat. § 1C-1705 alleging that enforcement of the Texas judgment was time barred. On 14 June 1996 L & H moved pursuant to N.C. Gen. Stat. § 1C-1705(b) to enforce the Texas judgment as a judgment in this State. The trial court granted the motion and Aerial appeals.

Aerial contends the trial court erred in granting L & H's motion to enforce the Texas judgment as a judgment of North Carolina under N.C. Gen. Stat. § 1C-1705 because the proceeding was essentially an action for contribution pursuant to N.C. Gen. Stat. § 1B-3 and was time barred by the one-year statute of limitations contained in N.C. Gen. Stat. § 1B-3(c). We disagree.

**IN RE AERIAL DEVICES, INC.**

[126 N.C. App. 709 (1997)]

N.C. Gen. Stat. § 1B-3(c) of the Uniform Contribution among Tort-Feasors Act provides:

> If there is a judgment for the injury or wrongful death against the tort-feasor seeking contribution, **any separate action by him to enforce contribution must be commenced within one year after the judgment has become final** by lapse of time for appeal or after final judgment is entered in the trial court in conformity with the decisions of the appellate court.

N.C. Gen. Stat. § 1B-3(c) (1983) (emphasis added).

The motion by L & H to enforce the Texas judgment is not a separate action for contribution within the meaning of N.C. Gen. Stat. § 1B-3(c). The Texas judgment apportioned the damages between Aerial and L & H, and decreed that both "shall recover contribution" from the other if one paid more than their respective percentage of responsibility. Thus, by the terms of the Texas judgment, L & H had already obtained a judgment for contribution against Aerial and needed only to enforce it, which L & H did by filing the Texas judgment in this State pursuant to the Uniform Enforcement of Foreign Judgments Act. Since L & H did not, and indeed was not required to, bring a separate action to obtain contribution from Aerial, N.C. Gen. Stat. § 1B-3(c) is inapplicable. L & H acted well within the ten-year time limitation for enforcement of foreign judgments provided by N.C. Gen. Stat. § 1-47(1) (1996). *See Powles v. Kandrasiewcz*, 886 F. Supp. 1261 (W.D.N.C. 1995). Accordingly, the trial court properly granted the motion to enforce the Texas judgment as a judgment of this State.

Affirmed.

Judges LEWIS and WYNN concur.